**Harmeet KAUR, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–73346.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2007.*

Filed April 20, 2007.

Samuel Maina, Law Offices of S. Ouya Maina, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, Robbin K. Blaya, Esq., San Francisco, CA, John S. Stevens, U.S. Department of Justice Civil Div./Office of Immigration Lit. Washington, DC, for Respondent.

Before: SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

MEMORANDUM **

Harmeet Kaur, a native and citizen of India, petitions for review of the denial by

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the Board of Immigration Appeals (BIA) of her appeal of the decision of an Immigration Judge (IJ), finding her not credible and denying her application for asylum, withholding of deportation, and relief under the Convention Against Torture (CAT). We deny the petition for review.

Kaur needed to demonstrate that she suffered persecution in the past on account of her Sikh religion, or had a well-founded fear of persecution in the future, to establish eligibility for asylum. *See Bhasin v. Gonzales*, 423 F.3d 977, 984 (9th Cir.2005). The IJ denied relief because Kaur was not credible, and also concluded that she had filed a frivolous asylum application. The BIA agreed and dismissed Kaur's appeal. We review the BIA's opinion and the IJ's decision as adopted by the BIA. *See Kalubi v. Ashcroft*, 364 F.3d 1134, 1137 n. 3 (9th Cir.2004).

The adverse credibility determination must be supported by substantial evidence, and we reverse only if the evidence compels a conclusion that Kaur was telling the truth. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003). We will affirm an adverse credibility finding if one of the supported reasons is related to the basis for the claim of persecution and goes to the heart of the claim. *See Singh v. Gonzales*, 439 F.3d 1100, 1108 (9th Cir.2006). The IJ must give the applicant a reasonable opportunity to explain inconsistencies that are the basis for denying relief. *See Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir.2007).

The central reason for the IJ's disbelief was Kaur's inconsistent testimony about the Sikh religion, casting doubt on whether she was even a Sikh. Kaur could not identify basic Sikh concepts and holidays at her asylum interview although she said she had been a devout Sikh who attended temple daily in India. At her hearing she provided more specific information, saying that she learned about Sikhism in the United States. Each time she was given a chance to explain and did not. The BIA agreed that Kaur had not testified consistently about her Sikh faith, the most basic fact of her claim of religious persecution. Kaur also gave inconsistent accounts of her entry into the United States, and did not explain when asked about the discrepancy. We conclude that substantial evidence supported the adverse credibility determination.

Because Kaur failed to establish her eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of deportation. *See Farah*, 348 F.3d at 1156. She does not claim to have presented any other evidence that the IJ and BIA should have considered in support of her CAT claim, and therefore we also affirm the denial of CAT relief. *See id.* at 1156–57.

The IJ concluded that Kaur had deliberately fabricated material aspects of her claim and therefore her application was frivolous, and the BIA agreed. An applicant who files a knowingly frivolous application is permanently ineligible for immigration benefits. *See* 8 U.S.C. § 1158(d)(6); *Almaghzar v. Gonzales*, 457 F.3d 915, 920 (9th Cir.2006). Kaur received notice of the consequences of filing a frivolous application, and had sufficient opportunity to account for the discrepancies in her claim. *See* 8 U.S.C. § 1158(d)(4)(A); 8 C.F.R. § 1208.20. We will not disturb the conclusion of the agency that she filed a frivolous application. *Cf. Farah*, 348 F.3d at 1157–58 (granting petition for review of finding of frivolous application where applicant was not given proper opportunity to explain).

PETITION FOR REVIEW DENIED.